**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

YUSUF BILAAL, a.k.a.                      )    CASE NO.
DANIEL P. McKINNEY,                       )
                                          )
              PLAINTIFF,                   )
                                          )
                                          )
vs.                                       )    **3:04CV7189**
                                          )
THE DEFIANCE PUBLISHING CO.,              )    **C O M P L A I N T**
STEVEN D. FLORY, GARY R. DEITRICK,        )
LEE MARTINEZ, LANE SHETLER, JOHN K.       )
WANNEMACHER, RITA DIAZ, JAMES CLEARY,     )    **JUDGE CARR**
PAULDING COUNTY HOSPITAL, DAVID I.        )    **JURY TRIAL REQUESTED**
HARROW, PAULDING COUNTY COMMISSIONERS,    )
VINCENT WALDRON, GENE GRIBBLE, TODD       )
HELBERG, NORMAN WALKER, JEFFREY A.        )
STRAUSBAUGH, JAMES S. BORLAND, JOHN T.    )
ROHRS, III, JOSEPH N. SCHMENK, JAMES      )    **Complaint for Injunctive Relief**
B. VANZANT, J. DAVID WEBB, JOSEPH         )    **and Damages.**
R. BURKARD, DEFIANCE COUNTY               )
COMMISSIONERS, GERALD E. WOOD,            )
DEFIANCE COLLEGE, STAN  D. OWENS,         )
RALPH W. EVERSOLE, NATHAN HUEBNER,        )
VAN WERT COUNTY COMISIONERS, CHRIS        )
DOE, JASON LANDERS, JASON GRAY, DAVE      )
ELSTON, SHARON KLINE, JANELLE             )
STILTNER-GLASHAUSER, JIM DENNIS, SCOTT    )
BRADBEE, RHONDA KINCAID , TORI SAUL,      )
UNNAMED DEFENDANTS,  LINDA SHAMBARGER,    )
                                          )
              DEFENDANTS.                  )

**JURISDICTION**

Jurisdiction of this Court is invoked pursuant to and in accordance with the provisions of Title 28 U.S.C.A., Sections 1331, 1343, and 2201.  This action arises under 42 U.S.C.A. Section 1983 and the Constitution of the United States, in particular but not limited to the First, Fifth, Sixth, Eight and Fourteenth Amendments thereto.  This is a proceeding for declaratory judgment as to the right of plaintiff to be free from the deprivation under color of state law of rights, privileges and immunities secured by the due process and equal protection clauses by defendants herein acting under color of state law.  In addition, pendant jurisdiction is invoked over state law claims for negligence and personal injury.

**I.  Previous Lawsuits**

A.  YES:  Plaintiff pursued other injunctive relief in federal court dealing with the same facts involved in this action and otherwise relating to plaintiff's pre-trial detention as a criminal defendant awaiting trial by jury in a state court.

B.  1.  Parties to the previous lawsuit/injunctive relief same as herein:

Plaintiffs:  Yusuf Bilaal, a.k.a. Daniel P. McKinney

Defendants:  The Defiance Publishing Co., et al.

2. Court: United States District Court Northern District of Ohio

3. Docket Number 3:04CV7003.

4. Judge James G. Carr.

5. Disposition: Case erroneously dismissed for want of exhaustion, where Plaintiff Bilaal remained at all times material to the allegations set forth in his request for injunctive relief a pre-trial detainee, not an inmate of a correctional institution subject to the conventional standards of grievance procedure. Based upon the time period required to exhaust the grievance procedure, Plaintiff Bilaal endured further injury, where the timely nature of his representations and trial preparations were undermine and compromised by the actions of defendants herein.

6. Request for Injunctive relief filed January 6, 2004.

7. Date of disposition February 3, 2004.

**II. Place of Present Confinement:** Corrections Center of Northwest Ohio (CCNO No. 200309102), 03151 County Road 24.25, Stryker, OH 43557-9418.

A. YES. Institution has prisoner grievance procedure.

B. YES. Plaintiff Bilaal presented facts relating to complaint.

C. 1. Initially submitted grievance with staff at the Paulding County, Ohio Jail, Van Wert County Corrections Facility, CCNO, and submitted various affidavits with the Common Pleas Courts of Defiance and Paulding Counties, Ohio. Plaintiff Bilaal claimed the extent of infractions, including racial, religious, and socio-economic discrimination, cruel and unusual punishment, and denial of access to the courts.

2. The result consisted of deliberate indifference and evasion of the issues. Plaintiff Bilaal was subjected to retaliation, including isolation in segregation absent due process hearing, confiscation and destruction of legal materials, and tactic of continually relocating Plaintiff Bilaal from one county facility to another so that plaintiff could not adequately pursue his civil rights claims.

**III. Parties**

**PLAINTIFF:** Plaintiff Yusuf Bilaal, a.k.a. Daniel McKinney is a United States citizen and a resident of the State of Ohio. Plaintiff Bilaal is a Muslim of African-American ancestry and remained of indigent class as a pre-trial detainee of the Defiance County, Ohio and Paulding County, Ohio courts. At all times material to those allegations set forth in this complaint, Plaintiff Bilal has remained within the custody of

either the Paulding County Jail, Van Wert County Correctional Facility, and the Corrections Center of Northwest Ohio (CCNO), based upon the order of the respective courts of Defiance and Paulding County, Ohio.

**DEFENDANTS:** DEFENDANT THE DEFIANCE PUBLISHING COMPANY is a corporate entity located in and that principal place of business is in Defiance, Ohio, and that primary business concern includes the publishing and distribution of the daily periodical The Crescent-News. Said defendant is sued in the capacity of an entity responsible for the professional and ethical conduct of its corporate officers, agents, employees, and staff.

DEFENDANT STEVEN D. FLORY is an officer of the Defiance Sheriff's Department. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims of perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT GARY R. DEITRICK is an officer of the Paulding Sheriff's Department. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims of perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT LEE MARTINEZ is an officer of the Defiance Police Department. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims of perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT LANE SHETLER is an officer of the Defiance Police Department. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims of perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT JOHN K. WANNEMACHER is an officer of the Paulding County Sheriff's Office. He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT RITA DIAZ is a nurse licensed in Ohio. DEFENDANTS JAMES CLEARY AND VINCENT WALDRON are licensed physicians in Ohio. DEFENDANT PAULDING COUNTY HOSPITAL is a chartered hospital and health care facility in Ohio, which contracts with Defendants Diaz, Cleary, Waldron, Harrow, Gribble, Paulding County Commissioners, Paulding County Jail, and others to provide medical treatment and health care to inmates of the Paulding County Jail. Defendants Diaz, Cleary, and Waldron are sued in both their individual and professional capacities. Defendant Paulding County Hospital is sued in the capacity of a licensed, chartered hospital/health care facility responsible for the professional and ethical conduct of its officers, agents, employees, medical personnel, and staff toward exercising ordinary and due care in providing medical treatment and services to the public.

DEFENDANT DAVID I. HARROW is the sheriff of Paulding County, Ohio. Defendant Harrow is generally responsible for the implementation and enforcement of policies, procedures, rules and the operation of the Paulding County Sheriff's Office, the Paulding County Jail and the training, hiring, and supervision of their respective staff, employees, and agents.  He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT PAULDING COUNTY COMMISSIONERS are an elected Ohio agency generally responsible for the drafting, implementation, and supervision of policies, procedures, and rules governing the operation and funding of various county agencies for which tax revenue is allocated within Paulding County, Ohio, including Defendants Paulding County Hospital, Paulding County Sheriff's Office, Paulding County Jail, and the respective courts, officers, and administrative staff thereof.  Said entity is sued in the capacity of a state/county tax funded agency responsible for the professional and ethical conduct of those organizations it oversees and allocates tax funding, thereby having acted under the color of state law.

DEFENDANT GENE GRIBBLE is the jail administrator of the Paulding County Jail.  Defendant Gribble is responsible for the implementation, enforcement, and regulation of those policies, procedures, and rules governing the general operation of the Paulding County Jail.  He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT TODD HELBERG is the City Editor of the Crescent-News daily periodical published by Defendant The Defiance Publishing Co.  Defendant Helberg is sued in both his individual and professional capacity.  As the city editor, Defendant Helberg is responsible for the research, interviewing, drafting, editing, selection for publication, and placement of those articles depicting individual United States citizens having been charged with misdemeanor and felony complaints, informations, and grand jury indictments within the Ohio counties of Defiance, Paulding, and surrounding vacinities  Defendants Helberg and The Defiance Publishing Co. have historically engaged in a systematic pattern of racial and religious discrimination in the manner in which individuals are depicted, and the malicious false statements routinely reported.  Criminal defendants of Caucasian and European ancestry, reported in the articles of Defendant Helberg published by Defendant Defiance Publishing Co. remain not similarly subjected to those libelous inflamatory false statements and recklessly negligent acts of defamation of character, as are those minority citizens of African-American, Latino/Hispanic, indigent class, and minority ancestry.

DEFENDANT NORMAN WALKER is the chief of the Defiance Police Department.  Defendant Walker is generally responsible for the enforcement and implementation of policies, procedures, and rules governing the Defiance Police Department and its employees and agents. He is vested with the authority to determine the manner and nature in which individuals are investigated and charged by those employees and agents under his supervision.  Additionally, Defendant Walker is responsible for the administration of the police department concerning the application of civil rights policies relevant to the hiring, training, supervising, disciplining, and termination of its staff and agents.  Defendant Walker

is responsible, in part, for the origination and promulgation of policies, procedures and rules governing the Defiance Police Department. He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT JEFFREY A. STRAUSBAUGH is the prosecutor for Defiance County, Ohio. Defendant Strausbaugh is responsible for the prosecution of criminal cases on behalf of Defiance County, Ohio. Defendant Strausbaugh has exhibited a pattern of discrimination toward individuals of Plaintiff Bilaal's ethnic and socio-economic class, regarding the exercise of prosecutorial discretion towards the degree and nature of charges sought against criminal defendants. Furthermore, Defendant Strausbaugh demonstrates selective prosecution against United States citizens of plaintiff's class based upon race, ethnicity and indigency, where with reckless and deliberate negligence and malice he presented false information before the grand jury designed to enhance the charges against Plaintiff Bilaal in a manner inconsistent with criminal defendants of Caucasian ethnicity similarly so prosecuted. Additionally, Defendant Strausbaugh has, at various stages throughout those criminal proceedings against Plaintiff Bilaal, conspired to deny plaintiff access to the courts and due process. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims of perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT JAMES S. BORLAND is an attorney licensed as a member of the Ohio Bar Association, practicing in the capacity of court-appointed counsel for indigent class criminal defendants in the courts of Defiance and Paulding, Ohio. As a licensed attorney member of the Ohio Bar Association, and a state agent, Defendant Borland is responsible for the exercise of ordinary and due care in the application of those requisite professional skills in the legal representation of his indigent class clients appointed by the state courts. He is sued individually and in his professional capacity, having acted under the color of state law. Pendant jurisdiction is sought over the state claims tort claims of legal malpractice, perjury, falsification, and tampering with evidence, thereby resulting in personal injury and the intentional infliction of emotional distress.

DEFENDANT JOHN T. ROHRS, III is a judge for the Defiance Municipal Court. Defendant Rohrs is sued in both his individual and professional capacity, having acted under the color of state law.

DEFENDANT JOSEPH N. SCHMENK is a judge of the Common Pleas Court of Defiance County, Ohio. Defendant Schmenk is responsible for the procedural administration of criminal defendants under grand jury indictment, ncluding the implementation of federal and state cnstitutional provisions, as well as relevant Ohio statutory and criminal law. He is also responsible for the conduct of those officers, administrationr, clerks, and respective staff of the court. Defendant Schmenk has authority concerning the setting of bail, custody, and pre-trial detention of criminal defendants of the court. He is sued in his individual and official capacity, having acted beyond the scope of qualified imunity having acted under the color of state law.

DEFENDANT JAMES B. VANZANT was an assitant prosecuting attorney of the County Court of Paulding, Ohio at those times material to the claims set forth herein. He is sued in his individual and official capacity, having acted beyond the scope of qualified immunity while having acted under the color of state law.

DEFENDANT J. DAVID WEBB is a judge of the Common Pleas Court of Paulding County, Ohio. Defendant Webb is responsible for the procedural administration of criminal defendants under grand jury indictment, including the implementation of federal and state constitutional provisions, as well as relevant Ohio statutory and criminal law. He is also responsible for the conduct of those officers, administrators, clerks, and respective staff of the court. Additionally, Defendant Webb is responsible for the oversight and supervision of the Paulding County Jail and the Paulding County Hospital Defendant Webb has authority concerning the setting of bail, custody, and pre-trial detention of criminal defendants of the court. He is sued in his individual and official capacity, having acted beyond the scope of qualified immunity while having acted under the color of state law.

DEFENDANT JOSEPH R. BURKARD is the prosecutor for Paulding County, Ohio. Defendant Burkard is responsible for the prosecution of criminal cases on behalf of the state. Additionally, he is responsible for the exercise of prosecutorial discretion toward investigations conducted in criminal proceedings, the manner of the presentation of evidence, testimony, and information before the grand jury, and the degree and nature of the charges sought against criminal defendants. Defendant Burkard is also responsible toward the adherence of civil rights policies regarding the hiring practices within the office of the prosecutor for Paulding County, Ohio. He is sued in his individual and official capacity, having acted beyond the scope of qualified immunity while having acted under the color of state law.

DEFENDANT DEFIANCE COUNTY COMMISSIONERS are an elected Ohio agency generally responsible for the drafting, implementation, and supervision of policies, procedures, and rules governing the operation and funding of various county agencies for which tax revenue is allocated within Defiance County, Ohio, including Defiance County Courts, Defiance County Sheriff's Office, Corrections Center of Northwest Ohio, and the respective courts, officers, and administrative staff thereof. Said entity is sued in the capacity of a state/county tax funded agency responsible for the professional and ethical conduct of those organizations it oversees and allocates tax funding, thereby having acted under the color of state law.

DEFENDANT GERALD E. WOOD is president of Defiance College, Ohio. Defendant Wood is responsible for the professional and ethical conduct of the instructors, administrators, agents, staff, and student body of Defiance College. Defendant Wood is responsible for the origination, promulgation, implementation, and enforcement of policies and procedures of Defiance College. He is also responsible for adherence to civil rights policies mandated by federal and state law. He is sued in both his individual and professional capacity, having acted in the capacity of an agent of a state and federally funded educational institution.

DEFENDANT DEFIANCE COLLEGE is an Ohio chartered collegiate institution. Defendant Defiance College is responsible for the

professional and ethical conduct of its officers, administrators, instructors, staff and student body.  Defendant Defiance College is also responsible for the policies governing civil rights and equal access to its resources and facilities, irrespective of race, ethnicity, or socio-economic class status, and is thereby sued in that capacity.

DEFENDANT STAN D. OWENS is the sheriff of Van Wert County, Ohio. Defendant Owens is generally responsible for the implementation and enforcement of policies, procedures, rules and the operation of the Van Wert County Sheriff's Office and the Van Wert County Correctional Facility, as well as the training, hiring, and supervision of their respective staff, employees, and agents.  He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT RALPH EVERSOLE is the jail administrator of the Van Wert County Correctional Facility.  Defendant Eversole is responsible for the implementation, enforcement, and regulation of those policies, procedures, and rules governing the general operation of the Van Wert County Correctional Facility.  He is sued individually and in his professional capacity, having acted under the color of state law.

DEFENDANT NATHAN HUEBNER is a corrections officer of the Van Wert County Correctional Facility.  He is sued in his individual and official capacity, having acted under the color of state law.

DEFENDANT VAN WERT COUNTY COMMISSIONERS are an elected Ohio agency generally responsible for the drafting, implementation, and supervision of policies, procedures, and rules governing the operation and funding of various county agencies for which tax revenue is allocated within Van Wert County, Ohio, including Van Wert County Courts, Van Wert County Sheriff's Office, Van Wert County Corrections Facility, and the respective courts, officers, and administrative staff thereof.  Said entity is sued in the capacity of a state/county tax funded agency responsible for the professional and ethical conduct of those organizations it oversees and allocates tax funding, thereby having acted under the color of state law.

DEFENDANTS CHRIS "DOE", JASON LANDERS, AND JASON GRAY are corrections personnel of the Paulding County Jail.  DEFENDANT DAVE ELSTON was, at all times material to those specific allegations against him, also so formerly employed with the Paulding County Jail.  Each respective Defendant are sued in both their individual and official capacity, having acted under the color of state law.

DEFENDANT SHARON KLINE is the jail cook of the Paulding County Jail. Defendant Kline is responsible for the preparation, selection, dietary provisions, food supply inventory allocation, safety and sanitation, hiring and supervision of inmate trustee kitchen personnel, and implementation of punitive diet restriction measures.  She is sued in her individual and professional capacity, having acted under the color of state law.

DEFENDANT JANELE STILTNER-GLASHAUSER is a corrections personnel acting in the capacity of supervisor of the Corrections Center of Northwest Ohio. She is sued in her individual and official capacity, having acted under the color of state law.

DEFENDANT JIM DENNIS is the executive director of the Corrections Center of Northwest Ohio.  He is sued in his individual and official capacity, having acted under the color of state law.  Defendant Dennis is responsible for the origination, promulgation, implementation,

enforcement and regulation of those policies and procedures governing the general operation of CCNO. Additionally, he is responsible for the professional and ethical conduct of its staff.

DEFENDANT SCOTT BRADBEE is a corrections personnel acting in the capacity of director of programs of the Corrections Center of Northwest Ohio. He is sued in his individual and official capacity, having acted under the color of state law.

DEFENDANT RHONDA KINCAIDE is a corrections personnel of the Corrections Center of Northwest Ohio. She is sued in both her individual and official capacity, having acted under the color of state law.

DEFENDANT TORI SAUL is a corrections personnel acting in the capacity of supervisor of the Corrections Center of Northwest Ohio. She is sued in both her individual and official capacity, having acted under the color of state law.

## IV.  Statement of Claim

### COUNT I.

1.  On or about June 12, 2003, Defendant Deitrick, with malicious recklessness and deliberate negligence, struck Plaintiff Bilaal with the police vehicle operated by Defendant Deitrick. As a result of the action of Defendant Deitrick having operated said vehicle to ram Plaintiff Bilaal on his left side caused severe knee and back injury to plaintiff.

2.  Defendant Flory then tackled Plaintiff Bilaal as he exited the immediate area of the collision, handcuffed plaintiff and began inflicting repeated blows with his knee and fist upon the back, neck, and head of Plaintiff Bilaal. At this time Defendants Deitrick, Flory, Martinez, Shetler, and others unknown to plaintiff, began choking Plaintiff Bilaal around his throat, using a technique infamous with the Defiance, Ohio and Paulding, Ohio respective police agencies termed the "carotid takedown" maneuver. Despite the plea for defendants to release the choke hold from plaintiff's neck, Defendant's Deitrick, Flory, Martinez, Shetler, and others unknown to plaintiff, continued with the assault and battery upon the person of Plaintiff Bilaal until plaintiff lapsed into an unconscious state.

3.  Defendant Wannemacher, as well as numerous law enforcement personnel of Defiance and Paulding counties, Ohio, being among those Unnamed Defendants, displayed intentional negligence and deliberate indifference by refusing to make any effort to intervene on behalf of Plaintiff Bilaal and restrain Defendants Deitrick, Flory, Martinez, Shetler, and others from the physical abuse and brutality inflicted upon the immediate person of Plaintiff Bilaal. Various additional individuals, representing staff and personnel of the Defiance Police Department, Defiance County Sheriff's Office, Paulding Police Department, Paulding County Sheriff's Office, Grover Hill Police Department, and others the names of which remain presently unknown to plaintiff, also exercised complicity and deliberate indifference toward the assault and battery and personal injury inflicted upon Plaintiff Bilaal.

4.  Defendants Strausbaugh, Burkard, Walker, Borland, Rohrs III, Vanzant, Schmenk, Webb, and Harrow, exercised deliberate indifference and conspired in a scheme to deny disclosure of the extent of the personal injury Plaintiff Bilaal was subjected to and the names of those individuals who participated in the malicious and deliberate infliction of physical injury, amounting to an actionable state tort claim of assault and battery, upon the immediate person of Plaintiff Bilaal.

5.  Plaintiff Bilaal was subsequently placed in the police vehicle of Defendant Martinez, at which time plaintiff requested of said Defendants Flory, Deitrick, Martinez, and Shetler that plaintiff receive immediate medical treatment for the extent of the serious and severe injuries sustained from plaintiff having been struck by the police vehicle operated by Defendant Deitrick, and the assault and battery upon his person by Defendants Deitrick, Flory, Martinez, and Unnamed Defendant class of the Defiance and Paulding, Ohio law enforcement agencies.  Plaintiff Bilaal was subsequently denied immediate medical attention by Defendants Flory, Deitrick, Martinez, Shetler, and Unnamed Defendants and instead transported to the Paulding County Jail by Defendant Martinez and Ron Weck, Chief of the Grover Hill Police Department.

6.  Upon the arrival of Plaintiff Bilaal to the Paulding County Jail facility, plaintiff was placed in disciplinary segregation under the order of Defendant Harrow.  Consistent with the practice of selective disciplinary segregation based upon systematic discrimination of African-Americans, Hispanics/Latinos, minorities, mentally infirm, and disadvantaged indigents, Defendant Harrow and respective defendant class staff of the Paulding County Jail placed Plaintiff Bilaal in an isolated holding cell absent adequate humanitary conditions, and denied plaintiff access to an attorney and refused medical treatment.

7.  Throughout the duration of his confinement in the segregation isolation cell at the Paulding County Jail, Plaintiff Bilaal suffered – and continues to suffer – extreme pain, loss of normal function, and continual discomfort due to the extent of his injuries resulting from the automobile collision and the assault and battery upon his person. Plaintiff Bilaal made repeated attempts for medical attention to the staff of the Paulding County Jail.  Additionally, a sworn affidavit setting forth the nature of the personal injury Plaintiff Bilaal was subjected to was filed and delivered to Defendants Schmenk, Strausbaugh, Webb, and Burkard.

8.  A perfunctory examination was eventually performed by Defendant Diaz approximately two (2) weeks after the assault and battery and automobile collision occurring immediately prior to the arrival of Plaintiff Bilaal to the Paulding County Jail.  At this time the severe swelling of plaintiff's left knee and back were still clearly visible. Defendant Diaz failed to refer plaintiff for immediate medical treatment. In addition, no manner of x-ray or testing was performed at this time. Defendant Diaz also made a visual examination of plaintiff's injured tooth absent any manner of x-ray, where plaintiff had complained of an acute tooth injury, and thereby denied Plaintiff Bilaal dental treatment.

9.  On June 19, 2003, Plaintiff Bilaal availed himself of the grievance procedure with the administrative staff of the Paulding County Jail.  Plaintiff Bilaal set forth in his grievance the basis of his cruel and unusual punishment claim as a result of the denial of immediate medical treatment.  Additionally, Plaintiff Bilaal addressed the issue of denial of access to the courts, where the Paulding County Jail facility is without any manner of law library, nor means by which pre-trial detainees may perform legal research to prepare for their respective court proceedings in the courts of Defiance and Paulding counties, Ohio.

10.  Plaintiff Bilaal was eventually transported to the medical facility of Defendant Paulding County Hospital after availing himself of the Paulding County Jail grievance procedure.  Defendant Cleary examined plaintiff and subsequently denied plaintiff adequate treatment for his injuries sustained as a result of the automobile collision and the assault and battery upon his immediate person.  Indigent class pre-trial detainees of the Paulding County Jail are systematically denied adequate medical treatment in an effort to avoid the cost of related expenses.

Consequently, said practice of deliberate indifference and willful negligence represents a routine case history of Defendants Paulding County Commissioners, Paulding County Hospital, Harrow, Webb, Diaz, Cleary, Waldron, Gribble, and others.

11.     At a later point and time, several weeks proceeding the initial examination of Plaintiff Bilaal by defendant class of the Paulding County Hospital, Plaintiff Bilaal was returned to the Paulding County Hospital Emergency Department due to the nature of the severe swelling of his left knee, resulting in continued intense pain and suffering. Plaintiff Bilaal received a "knee tap" by attending Emergency Department physician Dr. Dobbins of the Paulding County Hospital.  Dr. Dobbins expressed his shock and disbelief at the gross extent of the swelling and the amount of fluid removed from the knee of Plaintiff Bilaal.

12.     At another point and time Plaintiff Bilaal was eventually examined by Defendant Waldron.  Defendant Waldron ordered an MRI examination in behalf of plaintiff.  Upon request of Plaintiff Bilaal of the results of his MRI examination, plaintiff was refused any manner of follow-up examination due to the scheme of Defendants Harrow, Gribble, Waldron, Paulding County Hospital, Webb, and Paulding County Commissioners to deny Plaintiff Bilaal adequate medical treatment due to plaintiff's indigency. To date, Plaintiff Bilaal has been denied adequate medical treatment and remains in constant pain and suffering as a result of his injuries.  Plaintiff Bilaal was completely denied medical treatment for the extent of his back injury and adequate dental treatment.

13.     Pendant jurisdiction is sought with this Court against Defendants Diaz, Cleary, Waldron, and Paulding County Hospital for the state tort claim of medical malpractice.

                                    COUNT II.

14.     On or about June 12, 2003, Plaintiff Bilaal was charged in a criminal complaint under his non-Muslim name of Daniel P. McKinney by the County Court of Defiance, Ohio for one (1) count of robbery under the Ohio Revised Code statute, being a felony of the second degree. Plaintiff Bilaal was likewise similarly charged in a criminal complaint by the County Court of Paulding, Ohio for one (1) count of failure to comply to the order of a police signal, being a felony of the third degree. Said charges resulted from the series of events involving the arrest of Plaintiff Bilaal involving defendant class of those Defiance and Paulding, Ohio law enforcement personnel and respective staff as set forth in paragraphs one (1.) through (5) herein.  At all times the animus of the charges resulted from one single event.  Under Ohio law, the maximum sentence allowable for a felony of the second degree is eight (8) years and for a third degree felony being five (5) years.  Consequently, at the time of the initial charges against Plaintiff Bilaal, plaintiff could conceivably face no more than thirteen (13) years consecutively of actual incarceration.

15.     On or about June 13, 2003, Defendant Helberg, with malice, ill will and deliberate and intentional negligence, submitted for publication in The Crescent-News, a daily periodical of Defiance County, Ohio published by Defendant The Defiance Publishing Company, an article amounting to a state pendant tort claim of libel and defamation of character. With malicious intent to defame the character of Plaintiff Bilaal, Defendant Helberg initiated a negligent libel campaign as a result of an affiliation with Defendants Walker, Strausbaugh, Borland, and others based upon the racial discrimination of Plaintiff Bilaal as a United States citizen of African-American ancestry.

16.  Said campaign of Defendants Helberg, Walker, Strausbaugh, Borland, and others was contrived in an effort to deprive Plaintiff Bilaal of due process, a fair trial, access to the courts, and to subject him to selective prosecution and double jeopardy based upon his race, ethnicity, and indigent status.

17.  Publications of Defendant Defiance Publishing Company submitted by Defendant Helberg for appearance in The Crescent-News erroneously stated that Plaintiff Bilaal had a past history of charges and criminal convictions for which plaintiff had at no time ever been so convicted thereof.  The articles likewise depicted a police "mug shot" photo of Plaintiff Bilaal designed to portray plaintiff in a prejudicial manner before the eyes of the local public, said public representative of potential jury trial members in plaintiff's behalf.  The article also falsely stated that plaintiff faced twenty four (24) years in the Defiance County, Ohio court and fifteen (15) years in the Paulding County, Ohio court.

18.  Defendants Helberg and The Defiance Publishing Company, at all times material to the pleadings herein, failed to exercise the ordinary and due care consistent with the professional standards of news publishers and the rights afforded the press by the First Amendment.

19.  Defendants Helberg, Strausbaugh, Walker, and Borland are all personal and political affiliates.  At the time of the initial charges against Plaintiff Bilaal, Defendant Strausbaugh made a personal vow with Defendant Walker that he would guarantee that plaintiff would receive no penalty less than ten (10) years.  Based upon the initial charge of a second degree felony, which carried only a maximum term of eight (8) years, this vow of racially discriminatory vindictive import was not possible by statutory law.  Wherefore, Defendant Strausbaugh conspired to enlist the cooperation of Defendants Helberg and The Defiance Publishing Company, to initiate an inflammatory media campaign designed to defame Plaintiff Bilaal based upon racial discrimination, so that the objective of malicious and selective prosecution could be obtained.

20.  On or about June 13, 2003, and at various times material to those facts and incidents set forth in this Complaint to date, numerous false, malicious, and inflammatory articles designed to defame and prejudice Plaintiff Bilaal were conspired by Defendants Helberg, Walker, Strausbaugh, and others, drafted by Defendant Helberg, and subsequently published in The Crescent-News, and associate Website (www.crescentnews.com), by Defendant The Defiance Publishing Company. The publication of the defamatory articles unjustifiably impugned the public image of Plaintiff Bilaal, thereby portraying him in an erroneously heinous manner, resulting in prejudicial pre-trial publicity with deliberate intent on behalf of defendants to deny plaintiff a fair trial.

21.  On numerous occasions since the publication of those malicious and vindictive false statements, along with those front page "mug shot" police photos depicted in The Crescent-News, as is the discriminatory practice exclusive of African-American, Hispanic/Latino, minority and indigent criminal defendants by Defendants Helberg and The Defiance Publishing Company, Plaintiff Bilaal has been singled out, and made open reference to in derogatory manner by various individuals within the communities of Defiance, Paulding, and surrounding localities of Ohio upon having been escorted before the public.  Consequently, Plaintiff Bilaal has suffered irrepairable injury and experienced the intentional infliction of emotional distress as a result of the reckless negligence and deliberate indifference on behalf of defendants' conspired campaign to defame plaintiff's character and create an extremely horrendous public

atmosphere of prejudicial pre-trial publicity designed to deny Plaintiff Bilaal his constitutional right to due process and a fair trial.

22. Defendants Strausbaugh, VanZant, and Burkard have exhibited a pattern of discrimination toward individuals of Plaintiff Bilaal's ethnic and socio-economic class, regarding the exercise of prosecutorial discretion towards the degree and nature of charges sought against criminal defendants. Furthermore, said defendants demonstrated selective prosecution against Plaintiff Bilaal based upon race, ethnicity and indigency, where with reckless and deliberate negligence and malice they presented false information before the grand jury designed to enhance the charges against plaintiff in a manner inconsistent with criminal defendants of white ethnicity similarly so prosecuted. Additionally, said defendants, at various stages throughout the proceedings against Plaintiff Bilaal dating from June 12, 2003 until the present, conspired to deny plaintiff access to the courts and due process, including endorsing the unwarranted excessive bond/bail of one million dollars (1,000,000.00). Not only is such excessive bail requirement totally unprecedented in the annals of Ohio criminal procedure for a charge of that nature, the setting of the bond by Defendants Rohrs III, Schmenk, and Webb was based upon discrimination and designed to assure that Plaintiff Bilaal could not secure his release so that an adequate defense could be prepared in plaintiff's behalf.

23. As a result of the willful malice, deliberate indifference, reckless negligence, discrimination based upon race, religion, and socio-economic class, denial of access to the courts, and denial of due process on behalf of said defendants, Plaintiff Bilaal has suffered personal injury and emotional distress. Most specifically, where said defendants conspired to an excessive bail totaling one million dollars ($1,000,000.00) against plaintiff, it caused injury where Plaintiff Bilaal was intentionally obstructed from the preparation of an adequate defense, or to pursue an access to surety by which to secure release on bail so that adequate legal representation could be arranged.

COUNT III.

24. On June 12, 2003, Plaintiff Bilaal was charged with one (1) count of failure of comply in the County Court of Paulding, Ohio. At the subsequent arraignment of plaintiff, an excessive bail in the amount of one half million ($500,00.00) was argued by Defendant Vanzant. Said excessive bail, the result of collaboration on behalf of office of the prosecutor, court officials, law enforcement personnel, agents, and staff of Defiance and Paulding counties, Ohio, represented a conspired scheme and purpose to intentionally obstruct the ability of Plaintiff Bilaal to gain access to the courts, retain adequate counsel and thereby avail plaintiff to an acceptable standard of due process.

25. On June 13, 2003, Plaintiff Bilaal was charged with one (1) count of robbery in the Defiance Municipal Court. At the arraignment proceeding, Defendant Rohrs, III set an excessive bail in the amount of one half million dollars ($500,00.00) against plaintiff, consistent with that conspired scheme with Defendant Vanzant and others. Wherefore, the excessive one million dollar (1,000,000.00) bail for the nature of such charges arising from one single event sharing the same animus, and circumstances relevant to the criminal proceedings against Plaintiff Bilaal was solely designed and implemented for that purpose to deny the constitutional due process and civil rights of Plaintiff Bilaal, based upon a history of gross racial discrimination on behalf of the courts

of the counties of Defiance and Paulding, Ohio, as well as that respective class of defendants averred to herein.

26. On July 7, 2003, a multiple-count indictment was filed in the Common Pleas Court of Defiance County, Ohio, case number 03-CR-08624. This indictment was the direct result of the reckless negligence, discrimination, and selective and malicious prosecution on behalf of Defendants Strausbaugh, Walker, Helberg, The Defiance Publishing Company, and others. In a concerted effort to deny Plaintiff Bilaal access to the courts, and thereby subject him to malicious and selective prosecution based upon race and socio-economic class of indigency, said defendants conspired in a defamatory prejudicial pre-trial publicity campaign consisting of purposely false and erroneous information designed to portray Plaintiff Bilal in the most unfavorable manner to the public. Defendants Strausbaugh, Walker, and others then conspired to present false, misleading, and erroneous statements before the grand jury, so that Plaintiff Bilaal would be subjected to duplicity and jeopardy in a manner criminal defendants of white ethnicity and the majority status quo similarly situated are not so treated. The primary objective of Defendants Strausbaugh, Walker, Helberg, The Defiance Publishing Company, and others being to subject Plaintiff Bilaal to an excessive degree of punitive sanctions based upon racial and socio-economic discrimination, and thereby deny Plaintiff Bilaal his civil rights.

27. On July 16, 2003, Plaintiff Bilaal appeared before Defendant Schmenk for arraignment on the indictment averred to in paragraph (26.). Plaintiff Bilaal exercised his right to self-representation. Consistent with the malicious and discriminatory campaign of denial of access to the courts demonstrated by Defendants Vanzant, Rohrs, III, and others set forth in paragraphs (24.),(25.), Defendants Schmenk, Strausbaugh, and Borland likewise endorsed, affirmed, exercised deliberate indifference, and neglected to adequately adjudicate and excessive one half million dollar ($500,000.00) cash bond against plaintiff during the arraignment proceedings. Defendant Schmenk appointed Defendant Borland to assist Plaintiff Bilaal with the preparation of plaintiff's defense.

28. On July 11, 2003, Plaintiff Bilaal was further subjected to a multiple-count indictment filed in the Court of Common Pleas of Paulding County, Ohio, case number CR-03-559. Likewise, this indictment was the direct conspiratorial result of the reckless negligence, malicious discrimination, and deliberate indifference of defendant class set forth in paragraph (26.), as well as Defendants Burkard, Webb, Flory, Deitrick, Harrow, and others. In a similar concerted effort to deny Plaintiff Bilaal access to the courts and subject plaintiff to malicious and selective prosecution based upon race and indigency, said defendants presented false, misleading, perjured, and erroneous statements before the grand jury,

so that Plaintiff Bilaal would be subjected to duplicity and jeopardy in a manner criminal defendants of white ethnicity and the majority status quo similarly situated are not so treated. The primary objective of said defendants and others being to subject Plaintiff Bilaal to an excessive degree of punitive sanctions based upon racial and socio-economic discrimination, and thereby deny Plaintiff Bilaal his civil rights.

29. On July 18, 2003, Plaintiff Bilaal appeared before Defendant Webb for arraignment on that indictment averred to in paragraph (28.). Again Plaintiff Bilaal exercised his right to self-representation. Consistent with the malicious discriminatory campaign to deny plaintiff access to the courts, Defendants Webb, Burkard, Borland, and others similarly endorsed, affirmed, exercised deliberate indifference, and

neglected to adequately adjudicate an additional excessive one half million

dollar ($500,000.00) cash bond against Plaintiff Bilaal during the arraignment proceedings. Wherefore, said defendants conspired to subject Plaintiff Bilaal to denial of access to the courts by ordering an unprecedented bail of one million dollars ($1,000,000.00) resulting from charges that arose from one single event sharing the same animus, and of a nature where said excessive bail remains unprecedented for criminal defendants of white ethnicity so similarly situated.

30. The sole and primary objective of those defendants set forth in said count of the pleadings herein being that historical pattern of blatant discrimination along the lines of race, religion, and socio-economic class. Furthermore, based upon communication with those defendants averred to in paragraph (27.), Defendant Webb likewise appointed Defendant Borland to assist Plaintiff Bilaal with the preparation of an adequate defense.

31. By joint and mutual consent of the relevant defendant class representing the courts of the counties of Defiance and Paulding, Ohio, Plaintiff Bilaal was held in custody at the Paulding County Jail as a pre-trial detainee throughout those criminal proceedings set forth herein. Although the criminal charges against Plaintiff Bilaal arose from one distinct event, and thereby comprised a basic animus, Plaintiff Bilaal was subjected to duplicity and jeopardy by being charged for the same incident in both counties of Defiance and Paulding, Ohio.

32. Furthermore, Plaintiff Bilaal was thereby so subjected to this discriminatory scheme by said defendant class including a denial of access to the courts, as well as prejudicial denial of constitutional due process based upon civil rights violations, where plaintiff was denied a proper consolidated venue by which to litigate his case and adequately prepare for trial. For each respective scheduled court appearance, Defendants Schmenk, Strausbaugh, Webb, Burkard, Borland, Dennis, Harrow, Owens, and others would instruct/direct the relevant staff of the Paulding County Jail, Van Wert County Corrections Facility, and Corrections Center of Northwest Ohio, to arrange transportation of Plaintiff Bilaal. As a result of the prejudicial venue, Plaintiff Bilaal was forced to waive his fundamental constitutional rights in Paulding County, Ohio Court of Common Pleas so that he could attempt to present an adequate defense in his behalf to the exact similar charges in the Common Pleas Court of Defiance, Ohio.

33. ON June 19, 2003, Plaintiff Bilaal submitted a grievance with the Paulding County Jail to Defendants Gribble and Harrow, setting forth a denial of adequate medical treatment, denial of access to the courts, and cruel and unusual punishment based upon a pattern of racial discrimination resulting in corporal punishment and punitive sanctions absent due process. The denial of access to the courts claim concerned the inability of Plaintiff Bilaal to access those necessary case authorities and legal research materials essential to the preparation of an adequate defense. In Paulding County, Ohio Court case number 03-CR-208, and Defiance Municipal Court case number CR-03-653, Plaintiff Bilaal was without counsel, unable to secure counsel due to the excessive bail, and went forward with the proceedings in a pro se capacity. Consequently, the absence of a law library facility at the Paulding County Jail, due to the intentional negligence and deliberate indifference on behalf of Defendants Paulding County Commissioners, Webb, Burkard, Harrow, Gribble, and others, resulted in the inability of Plaintiff Bilaal to adequately prepare a defense in his behalf.

34. On June 19, 2003, Defendant Gribble informed Plaintiff Bilaal that he would request that Defendant Burkard furnish plaintiff a copy of the Ohio Revised Code Annotated as a means to substitute access to

an adequate law library or legal research materials requested by plaintiff
to prepare for trial. Defendant Burkard refused the request and plaintiff
approached Defendant Harrow concerning Plaintiff Bilaal being afforded
access to an adequate law library facility and the nature of his grievance
thereof. Defendant Harrow stated that he was "not in the business of
providing law library services to inmates." Defendant Harrow is sheriff
of Paulding County, Ohio and primary director of the Paulding County Jail.
An appeal to Defendant Harrow is the last stage of the Paulding County
Jail grievance procedure exhaustion process.

36. On July 22, 2003, Plaintiff Bilaal filed a motion to dismiss
those additional charges against plaintiff that represented duplicity
and jeopardy in the Common Pleas Court of Defiance, Ohio, most specifically
against those multiple counts of failure to comply for which plaintiff
was similarly charged in Paulding County, Ohio.

36. Plaintiff Bilaal, in open court, requested access to an adequate
law library of both Defendants Schmenk and Webb. Defendant Schmenk
referred plaintiff to the alleged "law library at CCNO," which was
irrelevant and maliciously facetious, where Defendant Schmenk was aware
of the fact that Plaintiff Bilaal was remanded in custody at the Paulding
County Jail and could thereby not avail himself of the CCNO resources.
Defendant Webb ruled that the Court of Common Pleas of Paulding County,
Ohio could not bear the added expense of providing an escort so that
Plaintiff Bilaal could avail himself of the law library facility located
approximately two (2) blocks from the Paulding County Jail. Corrections
Officer Rex Gray Jr., Paulding County Jail, offered to volunteer to escort
Plaintiff Bilaal to the law library facility located in the Paulding
County, Ohio Common Pleas Courthouse. Defendants Webb, Burkard, Harrow,
and Gribble denied Plaintiff Bilaal said arrangement. Furthermore,
Defendants Harrow and Gribble instructed C.O. Gray Jr. not to provide
Plaintiff Bilaal any additional paper by which plaintiff perused to draft
legal motions in his behalf. Plaintiff Bilaal, at all times material
to the pleadings herein, has remained indigent as so documented by each
respective court. The minimal funds plaintiff received from family members
afforded plaintiff the ability to acquire basic hygiene items from the
Paulding County Jail commissary. Additionally, Defendants Webb, Harrow,
Gribble, and others participate in a scheme to subject indigent class
pre-trial detainees of the Paulding County Jail to oppressive price fixing
of commissary items as a means of profiteering from the forced economic
monopolistic market demand imposed upon said Paulding County Jail
detainees. The same manner of forced economic discrimination against
indigent class pre-trial detainees is effected via the profiteering of
the collect call telephone system located for inmate use at the Paulding
County Jail. Also, pre-trial detainees are denied an adequate diet as
a result of the politics of Defendants Harrow, Dennis, and Owens, who
are responsible for the dietary provisions of the Paulding County Jail,
Van Wert County Corrections Facility, and Corrections Center of Northwest
Ohio respectively, as well as complicity by Defendant Kline of the Paulding
County Jail, yet said staff and employees of each respective facility
engage in a practice of theft in office, where the routinely avail
themselves of the dietary provisions provided by tax funds without having
to pay for their meals. Moreover, the absence of an adequate law library
facility at the Paulding County Jail, Van Wert County Corrections Facility,
and the Corrections Center of Northwest Ohio, may likewise be attributed
to the purposeful negligence and deliberate indifference of Defendants
Paulding County Commissioners, Defiance County Commissioners, Schmenk,
Webb, Harrow, Owens, Dennis, Bradbee, Gribble, Eversole, and others.

37. Defendant Borland, throughout all aspects of those criminal charges against Plaintiff Bilaal averred to in the pleadings herein, remained solely predisposed to inducing plaintiff to enter into a prejudicial guilty plea based upon duplicity, jeopardy and a violation of plaintiff's civil rights. Each and every respective attempt by Plaintiff Bilaal to have Defendant Borland assist plaintiff toward the adequate preparation of a defense (i.e. filing of habeas corpus due to excessive bail, provide copies of relevant case law/authorities, draft witness subpoenas for trial, acquire discovery material from prosecution, interview potential witnesses in timely manner, etc.) was met with either evasive politics, deliberate indifference, or false promises never kept. Defendant Borland, with reckless negligence, malice, and deliberate indifference, at all times material to the pleadings herein, exhibited a calculated effort to undermine and sabotage the preparation of an adequate defense in behalf of Plaintiff Bilaal at each critical stage of the criminal proceedings against plaintiff. Defendant Borland stated to Plaintiff Bilaal that his "crime was being a black defendant in a conservative white community."

38. On August 1, 2003, Plaintiff Bilaal was forced to seek a continuance on his pro se motion to dismiss, as a result of selective prosecution based upon race and indigency that amounted to duplicity and jeopardy. Defendant Borland intentionally failed to exercise due diligence and ordinary skill, where Defendant Borland breached his promise to deliver those copies of supporting case authority requested by plaintiff and that material evidence (i.e. police video that provided evidence of nature of animus and impeachment of witnesses essential to plaintiff's constitutional right to confrontation) critical to the proceedings. Defendant Borland exhibited gross indifference, where amply sufficient time to deliver said legal materials and evidence to Plaintiff Bilaal existed prior to that initially scheduled hearing on plaintiff's motion to dismiss.

39. On August 19, 2003, Defendant Borland initiated a scheme to deny Plaintiff Bilaal his right to a speedy trial, and thereby undermine and compromise plaintiff's due process rights and access to the courts. Once Plaintiff Bilaal declined to waive his right to a speedy trial relevant to the charges before Defendants Schmenk and Strausbaugh, Defendant Borland became visibly upset, thereby retiring in the judges chambers with Defendants Webb and Burkard. Plaintiff Bilaal thereby executed a written waiver of the exact same charges (duplicity) in the Paulding County, Ohio Court of Common Pleas, under the pretense that Defendant Borland required additional time to prepare for trial in Defiance County, Ohio. As a final desperate attempt to undermine the due process speedy trial rights of Plaintiff Bilaal, Defendant Borland began attempting to file frivolous motions of irrelevant import on behalf of plaintiff, without plaintiff's knowledge or prior approval, in the Defiance Common Pleas Court. Plaintiff Bilaal, acting in the capacity of self-representative, previously specifically advised Defendant Borland to not file any manner of motion nor documentation on behalf of plaintiff without first reviewing said action with plaintiff and thereby acquiring plaintiff's aproval.

40. On September 3, 2003, Defendant Schmenk entered a journal entry allowing the withdrawal of court-appointed counsel Defendant Borland. Defendant Borland - consistent with the practice of attorneys appointed by the courts of the counties of Defiance and Paulding County, Ohio to assist and represent indigent criminal defendants - exhibited negligence involving the intentional failure to exercise ordinary professional skills and due care in assisting Plaintiff Bilaal with the preparation of an adequate defense. Defendant Borland also engaged in a violation of the

attorney-client privilege, by divulging privileged and work product
information with Defendant Strausbaugh. Plaintiff Bilaal had Defendant
Borland admit that Defendant Borland had conducted private meetings with
Defendant Strausbaugh concerning the strategy of prosecution devised
against plaintiff and privy work product and defense strategy protected
by the attorney-client privilege that was not amongst those aspects of
defense deemed discoverable. Defendant Borland had not been forthcoming
to Plaintiff Bilaal regarding said meetings until Defendant Borland
inadvertently revealed to plaintiff information relevant to the private
sessions with Defendant Strausbaugh that were transpiring unbeknownst
to plaintiff. Defendant Strausbaugh previously practiced in the same
office firm with Defendant Borland, whereby that continued personal
affiliation represented a conflict of interest and prejudiced the defense
of Plaintiff Bilaal.

    41. At all times relevant to the criminal charges averred to herein,
Plaintiff Bilaal clearly represented to Defendants Schmenk, Strausbaugh,
Borland, Webb, Burkard, Harrow, Dennis, Owens, Eversole, Gribble, Bradbee,
and others the general basis and various aspects of that defense plaintiff
sought in his behalf. Said defense on behalf of Plaintiff Bilaal included
the subpoena of witness testimony, disclosure of exculpatory evidence
through discovery, interviewing of potential witnesses, and the subpoena
of expert witness testimony, to name a basic few.

    42. On September 15, 2003, a hearing before Defendants Schmenk and
Strausbaugh was conducted, involving pro se motions to dismiss for lack
of speedy trial and a change of venue due to pervasive prejudicial pre-
trial publicity filed on behalf of Plaintiff Bilaal. The affirmative intent
to avail of the constitutional right of subpoena was stated in open court,
to wit:(McKinney): "I requested from court-appointed counsel Borland that
I wanted subpoenas for testimony...And based upon that...I submitted a
witness list to court-appointed counsel Borland of witnesses that I wanted
on my behalf." (Transcript 9/15/03 p.10-12) Defendant Schmenk then
attempted to conduct the jury trial of Plaintiff Bilaal without allowing
plaintiff to be afforded witness subpoenas in plaintiff's behalf.
Furthermore, Defendant Schmenk refused to place sanctions against Defendant
Strausbaugh, in his capacity as Defiance County, Ohio Prosecutor, in
response to Defendant Strausbaugh's refusal to provide Plaintiff Bilaal
critical exculpatory discovery material, such as a copy of the 9-1-1 audio
tapes, the names of the respective arresting police officers who
apprehended Plaintiff Bilaal, and the videotape of the police cruiser
at the time of the arrest of plaintiff, said discovery items at all times
material to the pleading herein having remained in the possession of
Defendant Strausbaugh.

    43. Additionally, on September 15, 2003, Defendant Schmenk, with
malicious intent to discriminate against Plaintiff Bilaal based upon his
race and ethnicity, attempted to subject plaintiff to exposure before
the jurors in prejudicial inmate jail attire. Plaintiff Bilaal requested
a brief continuance to allow "street clothes" to be delivered. Defendant
Schmenk refused to grant Plaintiff Bilaal a brief continuance based upon
the prejudicial jail attire, the refusal of Defendant Strausbaugh to comply
with discovery, or the request of Plaintiff Bilaal for the appointment
of counsel to assist plaintiff with the acquisition of discovery materials
and additional items (case authorities, witness interview, investigation,
etc.) essential to the preparation of an adequate defense in plaintiff's
behalf. Following a private closed chambers conference held between
Defendant s Schmenk and Strausbaugh, Defendant Schmenk granted plaintiff
a continuance and appointed counsel John P. Goldenetz to assist in the

preparation of a defense in behalf of Plaintiff Bilaal.

44.  Investigator Gary Mohre was appointed on August 21, 2003 in the capacity of investigator to assist Plaintiff Bilaal with the preparation of plaintiff's defense.  Investigator Mohre represents himself as a private investigator, thereby contracting in the capacity of performing interviews of potential witnesses and the investigation of various types of evidence pertinent to civil and criminal proceedings. Investigator Mohre, based upon malicious and false representations on behalf of Defendants Harrow, Gribble, Jason Gray, Landers, and others, were obstructed from assisting Plaintiff Bilaal.

45.  From the period of August 21, 2003, until the present filing of this complaint, Investigator Mohre was obstructed from the exercise of ordinary and due care toward the assistance required by Plaintiff Bilaal toward the preparation of an adequate defense.  Investigator Mohre submitted one (1) routine report of several perfunctory interviews he conducted, thereby charging a fee of approximately seven hundred dollars ($700.00).  Said perfunctory investigation was insufficient to assist Plaintiff Bilaal toward the preparation of an adequate defense in his behalf and, as reflected in the report of Mr. Mohre, was an ongoing investigation that required additional professional application, especially given the seriousness of the charges and the magnitude of the defense. Defendants Harrow, Gribble, Jason Gray, Landers, and others with reckless negligence, deliberate indifference, and malicious intent, failed to forward the numerous phone calls to Plaintiff Bilaal and refused Mr. Mohre's meeting with plaintiff to discuss the various aspects of the investigation.  As a result of the reckless negligence on behalf of said defendants averred to herein, Plaintiff Bilaal was prohibited from the timely acquisition of exculpatory evidence critical to the adequate preparation of a defense in behalf of plaintiff.

46.  On November 14, 2003, in an attempt to conduct continued investigation in his behalf in an effort to adequately prepare for trial, Plaintiff Bilaal contacted the Pilgrim Library of Defiance College (Ohio). Plaintiff Bilaal exchanged conversation with one Shannon Liechty, a student staff member of the Pilgrim Library.  Plaintiff Bilaal explained to Ms. Liechty the nature of the assistance plaintiff required, including excerpts of articles reported in The Crescent-News detailing various aspects of the criminal charges against plaintiff.  Ms. Liechty informed Plaintiff Bilaal that the Pilgrim Library of Defendant Defiance College kept the information plaintiff requested and that she would assist plaintiff with the acquisition once a written request with detailed instructions was submitted.  Plaintiff Bilaal thereby submitted said request.

47.  On November 18, 2003, Plaintiff Bilaal received communication from Defendant Wood, stating "that neither the college nor any...students have the ability to assist (Plaintiff Bilaal) in any way."  This misrepresentation on behalf of Defendants Gerald E. Wood and Defiance College resulted from a pattern of systematic racial discrimination against African-Americans and indigent pre-trial detainees under a presumption of innocence.  Said discriminatory practice characteristic of the predisposition of Defendants Wood, Defiance College, The Defiance Publishing Company, and Helberg were further motivated by the malicious and recklessly negligent prejudicial pre-trial defamation of character and libel campaign executed by Defendants Schmenk, Strausbaugh, Walker, Borland, and others to deny the civil and constitutional rights of Plaintiff Bilaal based upon race, ethnicity, religion, and indigency.

48.  On November 18, 2003, Plaintiff Bilaal provided service to Defendants Schmenk and Strausbaugh the original and a copy of plaintiff's Criminal Rule 16 Discovery response and Praecipe of those witnesses and material evidence plaintiff required for subpoena at trial.

49. On November 20, 2003, Jean Ziegler, Clerk of the courts of Defiance County, Ohio, filestamped said pro se legal documents of Plaintiff Bilaal averred to in paragraph (48.), and subsequently approached Defendants Schmenk and Strausbaugh for instructions on which manner to proceed with said documentation. Consequently, Defendants Schmenk and Strausbaugh held a private conference, off the record in closed chambers, with court-appointed counsel to assist Plaintiff Bilaal, attorney John Goldenetz, regarding the nature of the disclosure of evidence for witness testimony submitted pro se by plaintiff. During the course of the private session held in closed chambers by Defendants Schmenk and Strausbaugh, attorney Goldenetz advised that said witness list was required for an adequate defense on behalf of Plaintiff Bilaal. Attorney Goldenetz further informed Defendants Schmenk and Strausbaugh that, at all times since the initial appointment of Goldenetz as counsel to assist plaintiff in the preparation of an adequate defense, Plaintiff Bilaal had unequivocally asserted himself in a pro se capacity regarding the method and manner of trial strategy to by presented in plaintiff's behalf. Defendants Schmenk and Strausbaugh thereby instructed attorney Goldenetz that Plaintiff Bilaal must be discouraged from the subpoena of witnesses in behalf of plaintiff, as well as refusing to allow plaintiff to represent himself at trial. Defendants Schmenk and Strausbaugh thereby instructed Clerk Ziegler not to accept for filing any further pro se motions on behalf of Plaintiff Bilaal. Due to the reckless negligence, malicious intent, and deliberate indifference on behalf of Defendants Schmenk and Strausbaugh to deny Plaintiff Bilaal his fundamental constitutional rights to due process and effective assistance of counsel, based upon colorable civil rights claim of racial discrimination, said defendants remain likewise accountable for the personal injury and intentional infliction of emotional distress plaintiff incurred consistent with the claim of a denial of access to the courts, as well as the state tort claim of legal malpractice.

50. On November 26, 2003, Plaintiff Bilaal filed his pro se motion to suppress with Clerk Ziegler, as well as service of a copy to Defendant Strausbaugh. Attorney Goldenetz attempted to ascertain the filing date and whereabouts of said motion to suppress, and, upon confrontation, Defendants Schmenk and Strausbaugh purported to have no knowledge of what became of the documentation.

51. On December 1, 2003, Defendant Schmenk endorsed a judgment entry drafted by Defendant Strausbaugh, denying motions to dismiss and to compel on behalf of Plaintiff Bilaal. Said journal entry maliciously misrepresented the fact that Plaintiff Bilaal was present for the proceedings, stating "[d]efendant (Plaintiff Bilaal) appeared in Court..." In actuality, in a malicious campaign to deny Plaintiff Bilaal access to the courts, Defendants Schmenk, Strausbaugh, Harrow, Gribble and others conspired to detain Plaintiff Bilaal at the Paulding County Jail so that Plaintiff Bilaal could not personally appear in court to thereby exercise plaintiff's right of self-representation.

## COUNT IV.

52. Plaintiff Bilaal was subjected to a retaliatory campaign based upon racial discrimination, further as part of an ongoing malicious scheme to deny him access to the courts by Defendants Harrow, Gribble, Chris "Doe", Jason Gray, Stan D. Owens, Ralph W. Eversole, Nathan Huebner, and Van Wert County Commissioners.

53. Defendant Jason Gray, with malice and reckless negligence, initiated a fabricated rules infraction report against Plaintiff Bilaal

in retaliation for plaintiff having assisted other indigent and less literate pre-trial detainees of the Paulding County Jail draft legal motions, letters to the courts, and various legal documentation.

54. Defendants Harrow, Gribble, Chris "Doe", Jason Landers, Jason Gray, Sharon Kline, Webb, Burkard, Paulding County Commissioners, and others promote an atmosphere of selective treatment at the Paulding County Jail, where minority pre-trial detainees are subjected to punitive measures that white detainees similarly situated remain uncharged, or so subjected. Said selectivity has contributed to an atmosphere of hostility and intimidation against African-American, Hispanic/Latino, and minority pre-trial detainees of the Paulding County Jail. The history and present incidents of racial discrimination against African-Americans in the hiring practice of correctional staff of the Paulding County Jail has likewise contributed to selective treatment of African-American and similar minority detainees within the custody of Defendants Harrow, Gribble, Webb, Burkard and represents deliberate indifference on behalf of Defendant Paulding County Commissioners.

55. Defendants Owens, Eversole, Huebner, Van Wert County Commissioners, and others promote an atmosphere of selective treatment at the Van Wert County Corrections Facility, where minority pre-trial detainees are subjected to punitive measures that white detainees similarly situated remain uncharged, or so subjected. Said selectivity has contributed to an atmosphere of hostility and intimidation against African-American, Hispanic/Latino, and minority pre-trial detainees of the Van Wert County Corrections Facility. The history and present incidents of racial discrimination against African-Americans in the hiring practice of correctional staff of the Van Wert County Corrections Facility has likewise contributed to selective treatment of African-American and similar minority detainees within the custody of Defendants Owens, Eversole, and Huebener, and represents deliberate indifference on behalf of Defendant Van Wert County Commissioners. Additionally, the Van Wert County Correctional Facility is without an adequate law library, or legal research materials, as a result of the deliberate indifference on behalf of Defendants Van Wert County Commissioners, Owens, and Eversole. As a result thereof, Plaintiff Bilaal suffered personal injury and the intentional infliction of emotional distress where plaintiff was prohibited from adequately preparing his case for trial, denied meaningful access to the courts, and subjected to a gross incident of cruel and unusual punishment by said defendant class.

56. Van Wert County, Ohio at not time had any manner of constitutional nor statutory jurisdiction against Plaintiff Bilaal. On previous occasions, the defendant class staff, agents and representatives responsible for the operation of the Paulding County Jail set forth in this Complaint had similarly singled out one Ivan M. Jones, an African-American, indigent pre-trial detainee of the Paulding County Jail, based upon his race and ethnicity. Ivan Jones was likewise subjected to a campaign of retaliation and reprisals by said defendant class for attempting to litigate his case in a pro se manner before the courts of Paulding County, Ohio. Defendants Harrow, Gribble, Webb, Burkard, VanZant, Chris "Doe", Jason Landers, Paulding County Commissioners, Owens, Eversole, Van Wert County Commissioners, and others conspired to have Ivan Jones transported to the Van Wert Corrections Facility so that Plaintiff Bilaal could no longer assist Mr. Jones with the preparation of a motion to dismiss. Said defendant class conveyed that Plaintiff Bilaal and Mr. Jones "...needed to be separated." Neither Plaintiff Bilaal nor Mr. Jones had been sanctioned or a cause of disciplinary problems to warrant such selective treatment which amounts to a practice and policy of denial of access to the courts. The practice of selective and random punitive sanctions against minority detainees, such as being transported to the Van Wert County Corrections Facility, represents racial discrimination amounting to reckless negligence and deliberate indifference.

57.On December 25, 2003, as a result of attempting to gain access to the courts, Plaintiff Bilaal was subjected to retaliatory measures on behalf of Defendants Harrow, Gribble, Chris "Doe", Owens, Eversole, Huebner, and others, where the legal documentation, research materials, potential trial evidence/exhibits, and text of Plaintiff Bilaal were confiscated and certain items destroyed. Absent any manner of due process hearing, as is the racially discriminatory practice of the staff and administrators of the Paulding County Jail against African-Americans, Hispanics, minorities, and indigents, Plaintiff Bilaal was transferred to the Van Wert County Corrections Facility and placed in the segregation unit. Plaintiff Bilaal had at no time any manner of charges nor jurisdiction within Van Wert County, Ohio. Consequently, the joint action to remove Plaintiff Bilaal from his legal materials and the accessibility of the venue and jurisdiction for which plaintiff was so charged as a criminal defendant resulted in the inability of Plaintiff Bilaal to adequately prepare for trial. Said personal injury was the result of a continued pattern of reckless negligence and deliberate indifference on behalf of Defendants Harrow, Gribble, Chris "Doe", Owens, Eversole, Huebner, Schmenk, Strausbaugh, Webb, Burkard, Dennis, Bradbee, Stiltner-Glashauser, Kincaid, Saul, and others to deny Plaintiff Bilaal meaningful access to the courts based upon such civil rights violations as racial and religious discrimination.

58.On December 25, 2003, Plaintiff Bilaal filed his grievance with the staff of the Van Wert County Corrections Facility alleging said denial of access to the courts claim for the destruction and confiscation of his legal materials, as well as for cruel and unusual punishment, and denial of adequate medical/dental treatment as a result of the continued knee and back injury suffered as a result of the automobile collision and assault and battery on the immediate person of Plaintiff Bilaal previously set forth in the pleadings herein. Additionally, Plaintiff Bilaal filed his motion to compel in the Common Pleas Court of Paulding County, Ohio requesting that Defendant Webb order the legal materials of Plaintiff Bilaal to be immediately returned and a Petition for Injunctive Relief with the United States District Court for the Northern District of Ohio, which set forth the nature of the retaliatory actions Plaintiff Bilaal had been subjected to in his efforts toward self-representation as a pro se, indigent, incarcerated criminal defendant.

59.On December 29, 2003, Plaintiff Bilaal was met by Defendants Eversole and Huebner regarding the nature of his grievance against Defendant Owens and the staff and personnel of the Van Wert County Corrections Facility. Defendants Eversole and Huebner informed Plaintiff Bilaal that he would not be allowed his legal materials, regardless of the fact that plaintiff was representing himself pro se in his criminal trial and that said trial was scheduled to commence on January 20, 2004. Furthermore, Defendant Eversole stated that it was policy of the Van Wert County Corrections Facility that jail inmates were not allowed to have legal documentation nor legal text in their possession in the housing areas because it presented a fire hazard. However, jail inmates of the Van Wert County Corrections Facility are allowed to have newspapers and personal books and reading material which contradicts the policy of refusing to allow inmates the possession of legal materials and books. The essence of the erroneous policy is no more than a concerted effort to deny criminal defendants meaningful access to the courts. In addition, the Van Wert County Corrections Facility, as well as the Paulding County Jail and Corrections Center of Northwest Ohio (CCNO), intentionally - with reckless negligence and deliberate indifference - fail to provide

-22-

an adequate law library facility so that indigent pre-trial detainees may gain meaningful access to the courts.

60. On December 29. 2003, as a result of the motion to compel filed by Plaintiff Bilaal, Defendants Webb, Burkard, Schmenk, Strausbaugh, Harrow, Gribble, Chris "Doe", Jason Gray, Landers, Owens, Eversole, Huebner, Dennis, and others, acted to further restrict Plaintiff Bilaal to meaningful access to the courts by having him transferred to the Corrections Center of Northwest Ohio (CCNO) and placed in a maximum segregation unit absent any manner of due process or disciplinary provocation.

61. On December 30, 2003, Plaintiff Bilaal submitted an "Offender Request to Staff" form to Manager Linda Shambarger setting forth the fact that plaintiff was scheduled for a jury trial, that plaintiff was proceeding in pro se and that plaintiff required access to an adequate law library facility.

62. On January 5, 2003, Plaintiff Bilaal was afforded one (1) hour access to the "library" facility located at CCNO, which consisted of no more than a volume of Ohio Revised Code Annotated. Due to the deliberate indifference and reckless negligence of Defendants Dennis, Bradbee, Defiance County Commissioners, Schmenk, Strausbaugh, Borland, Webb, Burkard, Harrow, Paulding County Commissioners, Owens, Eversole, Van Wert County Commissioners,and others, CCNO, Paulding County Jail, and the Van Wert County Corrections Facility remains without an adequate law library facility so that indigent inmates are without the ability to gain meaningful access to the courts. Additionally, Defendants Borland and the respective class of defendants appointed by the courts of the counties of Defiance, Paulding, and Van Wert, Ohio, purposely engage in the practice of denying the effective assistance of counsel to indigent criminal defendants.

63. On January 6, 2004, Plaintiff Bilaal was denied access to his legal research materials as a result of the inappropriate supervision and harassment he was subjected to on behalf of Defendant Stiltner-Glashauser, who attempted to destroy and confiscate the trial transcripts of Plaintiff Bilaal on his return to the custody of CCNO following his court appearance in the Common Pleas Court of Defiance County, Ohio. Defendant StiltnerGlashauser fabricated a disciplinary infraction against Plaintiff Bilaal sufficient to have plaintiff placed in segregation and his legal materials confiscated, thereby resulting in plaintiff's inability to access the "library" and avail himself of those limited legal research materials located there in an effort to prepare for trial.

64. On January 12, 2004, Plaintiff Bilaal submitted his "Offender Grievance Report" with the appropriate CCNO staff. The grievance set forth the inappropriate supervision, harassment, and cruel and unusual punishment Plaintiff Bilaal was subjected on behalf of Supervisor Stiltner-Glashauser, including the fabrication of a disciplinary incident and the attempt toward the destruction of plaintiff's trial transcripts and placement in segregation that resulted in the personal injury of denial of access to the courts. Additionally, Plaintiff Bilaal set forth the inadequate legal research materials located in the CCNO "library", thereby denying meaningful access to the courts, and the insufficient amount of time allotted to perform legal research. Plaintiff also set forth the insufficiency of being afforded only twenty (20) copies of legal documentation per month.

65. On January 16, 2004, Plaintiff Bilaal received a response to his grievance from Defendant Bradbee. At no time during the investigation or attempt toward resolution of the grievance was Plaintiff Bilaal ever interviewed or allowed to present that evidence in his behalf to  support

-23-

plaintiff's grievance. Furthermore, Defendant Bradbee engaged in a case incident of deliberate indifference, based upon a clear precedent of racial discrimination routinely exercised by the staff of the Corrections Center of Northwest Ohio (CCNO), where Defendant Bradbee failed to investigate the nature of the cruel and unusual punishment claim of Plaintiff Bilaal against Supervisor Stiltner-Glashauser. Additionally, Defendant Bradbee held that the Ohio Revised Code and a law dictionary amounted to a law library sufficient to provide meaningful access to the courts consistent with the "1996 U.S. Supreme Court ruling entitled 'Lewis vs. Casey' ".

66. On January 20, 2004, Plaintiff Bilaal appealed the decision of Defendant Bradbee to the Executive Director of CCNO Defendant Dennis. Defendant Dennis, absent any manner of investigation or interview of plaintiff - nor the evidence that existed in plaintiff's behalf - provided a response that concurred with that filed by Defendant Bradbee. In addition, Defendant Dennis exercised reckless negligence, malice, and deliberate indifference toward the First Amendment claim of Plaintiff Bilaal concerning plaintiff's Islamic religious faith. Plaintiff Bilaal was refused his Quraan (Islamic Scriptures) that were in the possession of plaintiff at the time of his arrival into the custody of CCNO of December 29. 2003. The Corrections Center of Northwest Ohio, due to the negligence of Defendants Dennis, Bradbee, and others, maintain a policy of discrimination along the lines of religious freedom of worship. No manner of religious services, consideration nor facility is provided for individuals who practice Islam, as opposed to the daily services allowed the various polytheist organizations at CCNO. Likewise, other inmates are allowed to retain or have sent the personal Bibles in their possession. An appeal to Defendant Dennis is the last stage of the grievance procedure at CCNO.

67. On February 15, 2004, in retaliation for having exercised the grievance procedure against their colleague and supervisor Defendant Stiltner-Glashauser, Defendants Saul and Kincaid subjected Plaintiff Bilaal to campaign of racial and religious discrimination amounting to a personal injury claim of cruel and unusual punishment and a denial of access to the courts. Defendants Saul and Kincaid executed a sham "shakedown" procedure of selected cells in the EM unit of CCNO, where Plaintiff Bilaal was housed. Defendants Saul and Kincaid were aware of the fact that Plaintiff Bilaal was representing himself in court as a pro se criminal defendant and that plaintiff had been approved by CCNO staff to have those relevant legal documentation, discovery materials, etc. within his immediate possession and within plaintiff's cell. Defendant Kincaid entered the cell of Plaintiff Bilaal and confiscated and, under the direction of Defendant Saul, destroyed the essential legal materials of plaintiff. Upon return to his cell, and upon being informed by the remainder of the detainees housed in the EM unit of CCNO that Defendant Kincaid was witnessed trashing his neatly arranged legal materials, Plaintiff Bilaal confronted Defendant Kincaid and stated that those legal materials Defendant Kincaid confiscated should be retained until the appropriate staff could provide confirmation that they were indeed allowed and critical to the scheduled jury trial of plaintiff. Defendant Kincaid refused the request of Plaintiff Bilaal and upon plaintiff requesting to speak to the supervisor having sanctioned and conducted the impromptu "shakedown", Supervisor Saul, Defendant Saul assumed that racially discriminatory practice of CCNO staff against African-Americans and minorities and refused to discuss the matter or approach Plaintiff Bilaal regarding the destruction of his legal materials. Plaintiff Bilaal again exercised the grievance procedure concerning this incident and was provided the same manner of perfunctory indifference on behalf of Defendant Dennis.

68. On March 29, 2004, Plaintiff Bilaal submitted his request for additional time to peruse the legal text materials located in the CCNO library facility. Since December 30, 2003, Plaintiff Bilaal had submitted numerous such requests with Defendant Linda Shambarger, CCNO Manager in charge of such inmate programs. The actions of Defendant Shambarger to restrict the manner in which a pre-trial detainee of the Corrections Center of Northwest Ohio (CCNO) may avail himself to legal research, legal copies, religious materials, legal mailings, and access to programs was representative of the nature of the denial of access to the courts claim made by Plaintiff Bilaal in this cause of action. Defendant Shambarger was made aware at all times material to the claim set forth herein of the essential nature of Plaintiff Bilaal acting in a pro se capacity, thereby representing himself in the various court proceedings resulting in his custody at CCNO.

69. On March 31, 2004, Defendant Shambarger once again engaged in reckless negligence, malice, and deliberate indifference in an attempt to deny Plaintiff Bilaal access to the courts by refusing to allow him the ability to peruse the CCNO library facility to conduct legal research and so that plaintiff could draft his notice of appeal, relevant legal documentation, and prepare for plaintiff's recently scheduled court appearance. The actions of Defendant Shambarger have resulted in personal injury and intentional infliction of emotional distress, where the ability of Plaintiff Bilaal to gain meaningful access to the courts was denied by Defendant Shambarger with purposeful malice and intentional design.

DEFENDANT LINDA SHAMBARGER is a programs manager of the Corrections Center of Northwest Ohio. She is sued in her individual and official capacity, having acted under the color of state law.

## V.   Relief Sought

Plaintiff Bilaal would request the following relief, including monetary compensatory and punitive damages, as well as injunctive relief of each respective DEFENDANT, to wit:

DEFENDANT DEFIANCE PUBLISHING COMPANY - Compensatory damages: One million dollars ($1,000,000.00); Punitive damages: One million dollars ($1,000,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including defamation of character, libel, discrimination and selective treatment in the reporting of events in The Crescent-News daily periodical.

DEFENDANT STEVEN D. FLORY - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the assault and battery and personal injury of individuals being placed under arrest and in the custody of the Defiance County, Ohio Sheriff's Department.

DEFENDANT GARY R. DEITRICK - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the assault and battery and personal injury of individuals being placed under arrest and in the custody of the Paulding County, Ohio Sheriff's Department.

DEFENDANT LEE MARTINEZ - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the assault and battery and personal injury of individuals being placed under arrest and in the custody of the Defiance, Ohio Police Department.

DEFENDANT LANE SHETLER - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the assault and battery and personal injury of individuals being placed under arrest and in the custody of the Defiance, Ohio Police Department.

DEFENDANT JOHN K. WANNEMACHER - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the assault and battery and personal injury of individuals being placed under arrest and in the custody of the Paulding County, Ohio Sheriff's Department.

DEFENDANT RITA DIAZ - Compensatory damages: Twenty five thousand dollars ($25,000.00); Punitive damages: Fifty thousand dollars ($50,000.00); Injunctive relief: Cease and desist with the practice of engaging in a gross pattern of medical malpractice toward African-Americans and indigent class detainees of the Paulding County Jail.

DEFENDANT JAMES CLEARY - Compensatory damages: Twenty five thousand dollars ($25,000.00); Punitive damages: Fifty thousand dollars ($50,000.00); Injunctive relief: Cease and desist with the practice of

engaging in a gross pattern of medical malpractice toward African-Americans and indigent class detainees of the Paulding County Jail.

DEFENDANT VINCENT WALDRON - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist with the practice of engaging in a gross pattern of medical malpractice toward African-Americans and indigent class detainees of the Paulding County Jail.

DEFENDANT DAVID I. HARROW - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Paulding County Jail, or within said custody of Defendant Harrow, cease the practice of denial of access to the courts by refusing to allow detainees of the Paulding County Jail access to a law library, legal research materials, and the ability to assist other inmates in the preparation of their legal filings absent threat of reprisals or retaliation, cease the practice of assault and battery, carotid take down maneuver, cruel and unusual punishment, and racial discrimination in the hiring procedures of staff  and agents of the Paulding County, Ohio Sheriff's Department and the Paulding County Jail.

DEFENDANT PAULDING COUNTY COMMISSIONERS - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the practice of deliberate indifference toward the racially discriminatory practices of the agents, staff, officers, and employees within Paulding County, Ohio for which said defendant provides tax funding and oversight.

DEFENDANT GENE GRIBBLE - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Paulding County Jail, or within said custody of Defendant Harrow, cease the practice of denial of access to the courts by refusing to allow detainees of the Paulding County Jail access to a law library, legal research materials, and the ability to assist other inmates in the preparation of their legal filings absent threat of reprisals or retaliation, cease the practice of assault and battery, carotid take down maneuver, cruel and unusual punishment, and racial discrimination in the hiring procedures of staff  and agents of the Paulding County, Ohio Sheriff's Department and the Paulding County Jail.

DEFENDANT TODD HELBERG - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including defamation of character, libel, discrimination and selective treatment in the reporting of events in The Crescent-News daily periodical.

DEFENDANT NORMAN WALKER - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist with the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals within said custody of Defendant Walker or those respective police officers and staff of the Defiance, Ohio Police Department, cease the practice of assault and battery, carotid take down maneuver, cruel and unusual punishment, and racial discrimination in the hiring procedures of staff  and agents of the Paulding County, Ohio

Sheriff's Department and the Defiance, Ohio Police Department.

DEFENDANT JEFFREY A. STRAUSBAUGH - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon the racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT JAMES BORLAND - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of legal malpractice and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT JOHN T. ROHRS, III - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT JOSEPH SCHMENK - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT JAMES B. VANZANT- Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT J. DAVID WEBB - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT JOSEPH R. BURKARD - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: Two hundred fifty thousand dollars ($250,000.00); Injunctive relief: Cease and desist in the practice of selective prosecution and denial of access to the courts based upon racial discrimination of African-Americans and indigent criminal defendants of Plaintiff Bilaal's class.

DEFENDANT DEFIANCE COUNTY COMMISSIONERS - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Cease and desist with the practice of deliberate indifference and willful negligence toward the racially discriminatory practices of the agents, staff, officers, and employees within Defiance County, Ohio for which said defendant provides tax funding and oversight.

DEFENDANT GERALD E. WOOD - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Cease and desist with the practice of deliberate indifference and willful negligence toward the racially discriminatory practices of the agents, staff, officers, and employees of Defiance College, Ohio. Additionally, cease and desist in the violation of the civil rights of African-Americans and indigent class individual United States citizens under a presumption of innocence although held answerable to criminal charges, or pre-trial detainees of the counties of Defiance

and Paul Ang, Ohio, who seek access to the research and additional resources of a federally and state funded college institution.

DEFENDANT DEFIANCE COLLEGE - Compensatory damages: One dollar ($1.00); Punitive damages: ($1.00); Injunctive relief: Cease and desist in the practice of discrimination toward the access of college resources and research materials based upon race and indigency, most specifically against AfricanAmerican and other ethnic and minority United States citizens. Also, issue a preliminary injunction restricting any and all federal funding of the Defiance College, Ohio until said collegiate institution adheres to federal statutes and guidelines regarding the equitable treatment of individuals seeking access to the college facilities irrespective of race, ethnicity, or social economic class constituency.

DEFENDANT STAN D. OWENS - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Van Wert County Corrections Facility, or within said custody of Defendant Owens, cease the practice of denial of access to the courts by refusing to allow detainees of the Van Wert County Corrections Facility access to an adequate law library, legal research materials, and the ability to assist other inmates in the preparation of their legal filings absent threat of reprisals or retaliation, cease the practice of racial discrimination in the hiring procedures of staff and agents of the Van Wert County, Ohio Sheriff's Department and the Van Wert County Corrections Facility.

DEFENDANT RALPH EVERSOLE - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Van Wert County Corrections Facility, or within said custody of Defendant Owens, cease the practice of denial of access to the courts by refusing to allow detainees of the Van Wert County Corrections Facility access to an adequate law library, legal research materials, and the ability to assist other inmates in the preparation of their legal filings absent threat of reprisals or retaliation, cease the practice of racial discrimination in the hiring procedures of staff and agents of the Van Wert County, Ohio Sheriff's Department and the Van Wert County Corrections Facility.

DEFENDANT NATHAN HUEBNER - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Van Wert County Corrections Facility, or within said custody of Defendant Owens, cease the practice of denial of access to the courts by refusing to allow detainees of the Van Wert County Corrections Facility access to an adequate law library, legal research materials, and the ability to assist other inmates in the preparation of their legal filings absent threat of reprisals or retaliation, cease and desist with the violation of the civil rights of African-American individuals of plaintiff's class, including the threat of assault and battery as a reprisal for attempting to gain access to the courts and cruel and unusual punishment by subjecting Plaintiff Bilaal to segregation absent adequate clothing for his attempt to gain access to the courts and obtain his legal materials, cease the practice of racial discrimination in the treatment of pre-trial detainees concerning the policies and procedures of staff and agents of the Van Wert County, Ohio Sheriff's Department and the Van Wert County Corrections Facility.

DEFENDANT VAN WERT COUNTY COMMISSIONERS - Compensatory damages: One

hundred thousand dollars ($100,000.00); Punitive damages: One hundred
thousand dollars ($100,000.00); Injunctive relief:  Cease and desist with
the practice of deliberate indifference and willful negligence toward
the racially discriminatory practices of the agents, staff, officers,
and employees within Defiance County, Ohio for which said defendant
provides tax funding and oversight.
    DEFENDANTS CHRIS "DOE", JASON LANDERS, JASON GRAY, DAVE ELSTON -
Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive
damages: One hundred thousand dollars ($100,000.00); Injunctive relief:
Cease and desist in the practice of discrimination in the violation of
the civil rights of African-Americans and indigent class individuals
detained in the Paulding County Jail Facility, or within said custody
of Defendant Harrow, cease the practice of denial of access to the courts
by refusing to allow detainees of the Paulding County Jail Facility access
to an adequate law library, legal research materials, and the ability
to assist other inmates in the preparation of their legal filings absent
threat of reprisals or retaliation, cease and desist with the violation
of the civil rights of African-American individuals of plaintiff's class,
including the threat of assault and battery as a reprisal for attempting
to gain access to the courts and cruel and unusual punishment by subjecting
Plaintiff Bilaal to segregation absent adequate due process based solely
upon his race and ethnicity and for his attempt to gain access to the
courts and obtain his legal materials, cease the practice of racial
discrimination in the treatment of pre-trial detainees concerning the
policies and procedures of staff and agents of the Paulding County, Ohio
Sheriff's Department and the Paulding County Jail Facility.
    DEFENDANT SHARON KLINE - Compensatory damages: ($10,000.00); Punitive
damages: ($10,000.00); Injunctive relief: Cease and desist with the
practice of discrimination along the lines of race and ethnicity in the
treatment of pre-trial detainees of the Paulding County Jail Facility,
including the application of restriction of an adequate diet as a means
of a punitive sanction, absent due process and an appropriate hearing.
Cease and desist in the practice of racial discrimination in the
appointment of individuals designated as inmate "trustees" to assist in
participation of privileged treatment.  Cease and desist in the preparation
and maintenance of the Paulding County Jail Facility dining facility absent
adequate health, safety and sanitation procedures consistent with federal
and state standards.  Place an injunction against the Paulding County,
Ohio Jail Facility restricting state and federal funding until proper
standards of health, safety and sanitation are met in the preparation
of dietary provisions and within the overall operation of the jail.
    DEFENDANT JANELLE STILTNER-GLASHAUSER - Compensatory damages: Twenty
five thousand dollars ($25,000.00); Punitive damages: Twenty five thousand
dollars ($25,000.00); Injunctive relief: Cease and desist in the practice
of discrimination in the violation of the civil rights of African-Americans
and indigent class individuals detained in the Corrections Center of
Northwest Ohio, or within said custody of Defendant Dennis, cease the
practice of denial of access to the courts by refusing to allow detainees
of the Corrections Center of Northwest Ohio access to an adequate law
library, legal research materials, and the ability to assist other inmates
in the preparation of their legal filings absent threat of reprisals or
retaliation, cease and desist with the violation of the civil rights of
African-American individuals of plaintiff's class, including the threat
of assault and battery as a reprisal for attempting to gain access to
the courts and cruel and unusual punishment by subjecting Plaintiff Bilaal
to segregation absent adequate due process based solely upon his race

and ethnicity.

DEFENDANT JIM DENNIS - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Corrections Center of Northwest Ohio (CCNO), or in said custody of Defendant Dennis, cease the practice of denial of access to the courts by refusing to allow detainees of the Corrections Center of Northwest of Ohio access to an adequate law library, appropriate legal research materials, access to legal mailings by indigent defendants in the respective Ohio courts by providing sufficient postage, access to the courts by allowing sufficient amount of copies of relevant legal documentation by indigent CCNO pre-trial detainees - where twenty (20) copy a month limitation insufficient to gain meaningful access to the courts, cease and desist with the deliberate indifference toward the retaliation by CCNO staff - most specifically such as Defendants Kincaid and Saul - which include sham shakedown procedures whereby essential legal evidence, research materials and documentation was confiscated from Plaintiff Bilaal and subsequently destroyed, cease and desist in the practice of reprisals and retaliation against pre-trial detainees of CCNO for their efforts to assist other inmates in the preparation of their legal filings, cease and desist the practice of racial discrimination in the hiring procedures of staff and agents of the Corrections Center of Northwest Ohio.

DEFENDANT SCOTT BRADBEE - Compensatory damages: One hundred thousand dollars ($100,000.00); Punitive damages: One hundred thousand dollars ($100,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Corrections Center of Northwest Ohio (CCNO), or within said custody of Defendant Dennis, cease the practice of denial of access to the courts by refusing to allow detainees of the Corrections Center of Northwest of Ohio access to an adequate law library, appropriate legal research materials, access to legal mailings by indigent defendants in the respective Ohio courts by providing sufficient postage, access to the courts by allowing sufficient amount of copies of relevant legal documentation by indigent CCNO pre-trial detainees - where twenty (20) copy a month limitation insufficient to gain meaningful access to the courts, cease and desist with the deliberate indifference toward the retaliation by CCNO staff - most specifically such as Defendants Kincaid and Saul - which include sham shakedown procedures whereby essential legal evidence, research materials and documentation was confiscated from Plaintiff Bilaal and subsequently destroyed, cease and desist in the practice of reprisals and retaliation against pre-trial detainees of CCNO for their efforts to assist other inmates in the preparation of their legal filings, cease and desist the practice of racial discrimination in the hiring procedures of staff and agents of the Corrections Center of Northwest Ohio.

DEFENDANT RHONDA KINCAID - Compensatory damages: Twenty five thousand dollars ($25,000.00); Punitive damages: Twenty five thousand dollars ($25,000.00); Injunctive relief: Cease and desist in the practice of discrimination in the violation of the civil rights of African-Americans and indigent class individuals detained in the Corrections Center of Northwest Ohio (CCNO), or within said custody of Defendant Dennis, cease the practice of denial of access to the courts, cease and desist the retaliation by CCNO staff based upon racial discrimination and retaliation for exercising the grievance procedure-

most specifically such as that effected with Defendant Saul - which
included such sham shakedown procedures whereby essential legal evidence,
research materials and documentation was confiscated from Plaintiff Bilaal
and subsequently destroyed, cease and desist in the practice of reprisals
and retaliation against pre-trial detainees of CCNO for their efforts
to assist other inmates in the preparation of their legal filings, cease
and desist the practice of racial discrimination toward the selective
treatment of CCNO detainees.
    DEFENDANT TORI SAUL - Compensatory damages: Twenty five thousand
dollars ($25,000.00); Punitive damages: Twenty five thousand dollars
($25,000.00); Injunctive relief: Cease and desist in the practice of
discrimination in the violation of the civil rights of African-Americans
and indigent class individuals detained in the Corrections Center of
Northwest Ohio (CCNO), or within said custody of Defendant Dennis, cease
the practice of denial of access to the courts, cease and desist the
retaliation by CCNO staff based upon racial discrimination and retaliation
for exercising the grievance procedure - most specifically such as that
effected with Defendant Kincaid - which included such sham shakedown
procedures whereby essential legal evidence, research materials and
documentation was confiscated from Plaintiff Bilaal and subsequently
destroyed, cease and desist in the practice of reprisals and retaliation
against pre-trial detainees of CCNO for their efforts to assist other
inmates in the preparation of their legal filings, cease and desist the
practice of racial discrimination toward the selective treatment of CCNO
detainees, cease and desist in the practice of deliberate indifference
toward the inappropriate supervision effected by CCNO staff members under
the immediate supervision of Defendant Saul, cease and desist in the
practice of refusal to provide due consideration of the grievances of
African-American detainees of CCNO based upon the racially discriminatory
politics of Defendant Saul. DEFENDANT  SHAMBARGER - Likewise said damages.
            Signed this _13th_ day of _April_____, 2004.


## DECLARATION UNDER PENALTY OF PERJURY


I declare under penalty of perjury that the foregoing is true and correct.


_04-13-04_____
        (Date)                          _Yusuf Bilaal / Daniel McKinney_
                                            (Signature of Plaintiff)