IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Yusuf Bilaal, a.k.a. Daniel P. McKinney,   Case No. 3:04CV07189

    Plaintiff,

v.   ORDER

Defiance Publishing Co., et al.,

    Defendants.

On April 13, 2004, plaintiff pro se Yusuf Bilaal, a.k.a. Daniel P. McKinney, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff named thirty-nine defendants in his complaint, including James Cleary, D.O.. As to Cleary, plaintiff alleges medical malpractice and deliberate indifference to plaintiff's medical needs, arising from a June 24, 2003, medical examination by Cleary while plaintiff was a pretrial detainee.

Pending is Cleary's motion for summary judgment. For the following reasons, the motion shall be granted.

**Background**

On June 12, 2003, police officers arrested Bilaal after a vehicle pursuit involving law enforcement officers from several jurisdictions. Bilaal alleges that officers struck him with a police vehicle and used excessive force, inflicting numerous blows to his back, neck, and head. Bilaal claims he immediately requested medical attention for his injuries, but police took him to Paulding County Jail instead. He states that, despite apparent swelling to his left knee, authorities disregarded his requests for medical attention.

On June 24, 2004, while he was a pretrial detainee, Bilaal was taken to Paulding County Hospital after complaining of lower back and knee pain. Bilaal alleged this pain existed since the June 12, 2004, automobile accident with police.

At the hospital, Bilaal was examined by Cleary. Regarding the examination, Cleary stated, in his April 28, 2005, affidavit:

> Bilaal was able to raise his left leg and flex his left knee without difficulty or evidence of pain. No swelling or bruising was noted. There was no tenderness on palpation of either the lateral or medial joint line, or popliteal area. His low back was non-tender, and his lumbosacral and both sacroiliac joints were non-tender.

(Doc. 92, Att. 1, Ex. B.)

Following the examination, Cleary ordered x-rays of Bilaal's left knee and back, the results of which came back negative. Cleary then diagnosed Bilaal with an acute lumbar strain and an acute left knee sprain, and prescribed him a pain killer.

## Discussion

Plaintiff asserts two causes of action against Cleary: medical malpractice and deliberate indifference to known medical needs. Cleary seeks summary judgment on both counts.

Because I find that plaintiff has proffered no evidence establishing a standard of care for his medical malpractice claim, and no evidence demonstrating deliberate indifference on Cleary's part for his § 1983 claim, defendant's motion for summary judgment shall be granted.

### 1. State Medical Malpractice Claim

Bilaal alleges that Cleary committed medical malpractice by failing "to exercise standard protocol and provide adequate treatment." (Doc. 92, Att. 1, Ex. C.) To prevail on his medical malpractice claim,

2

Bilaal must show evidence of the recognized standard of care and that Cleary negligently departed from that standard. *Bruni v. Tatsumi*, 46 Ohio St. 2d 127, 131 (1976). Bilaal must also demonstrate, by a preponderance of the evidence, that Cleary caused injury by failing to do that which a doctor of ordinary skill, care, and diligence would have done in similar circumstances. *Id*. Proof of deviation from the standard of care generally must be provided through expert testimony. *Id*. at 131-32.

A defendant doctor qualifies as an expert in his field of practice. *See Hoffman v. Davidson*, 31 Ohio St.3d 60, 61 (1987). Absent expert testimony to the contrary, the defendant doctor's affidavit establishes the standard of care. *Id*. at 62; *see also Saunders v. Cardiology Consultants, Inc.*, 66 Ohio App. 3d 418, 420 (1990) ("When a movant in a medical claim supports his motion for summary judgment with expert testimony that demonstrates compliance with the standard of care . . . , absent expert evidence to the contrary, this unopposed medical expert testimony establishes the standard of care and the movant's compliance."); *Guth v. Huron Rd. Hosp.*, 43 Ohio App. 3d 83, 84 (1987).

In the instant case, Cleary qualifies as an expert in his field, as he is a doctor of osteopathic medicine licensed to practice in Ohio. Cleary's affidavit, furthermore, states that the treatment he provided plaintiff did not deviate from the accepted standards of medical care. Plaintiff does not contest the affidavit with expert testimony. In the absence of a genuine dispute as to Cleary's compliance with the standard of care, Cleary's motion for summary judgment on the medical malpractice claim shall be granted.

### 2. Deliberate Indifference

Bilaal next contends Cleary "failed to order an MRI, x-ray, arthroscopic examination, . . . corrective surgery, . . . [or] provide treatment for back and knee injury," constituting deliberate indifference on Cleary's part. (Doc. 92, Att. 1, Ex. C.)

The Eighth Amendment requires the government to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Eighth Amendment, however, does not apply to pretrial detainees, because the state has not secured a formal adjudication of guilt. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

The Fourteenth Amendment, instead, "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham*, 358 F.3d at 383. Thus, although the Eighth Amendment does not apply directly to plaintiff, the deliberate indifference standard is applied via the Fourteenth Amendment. *See id.*; *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001).

To qualify as "deliberate indifference," a doctor's failure to provide medical care must be so egregious as to "offend the evolving standards of decency," or be "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Deliberate indifference claims contain both objective and subjective components. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Objectively, an inmate must demonstrate the alleged deprivation was "sufficiently serious" and posed "a substantial risk of serious harm." *Id*. Subjectively, an inmate must demonstrate the alleged wrongdoer had "a sufficiently culpable state of mind." *Id*.

In the instant case, plaintiff has accomplished neither. Cleary observed no evidence of pain, bruising, swelling or tenderness to the areas that Bilaal claimed injury. Cleary, furthermore, ordered x-rays of Bilaal's back and knee, however both came back negative. Cleary ultimately prescribed Bilaal a pain killer. Bilaal's claim simply lacks any evidence demonstrating deliberate indifference on Cleary's part. Thus,

4

Cleary's motion for summary judgment on the 42 U.S.C. § 1983 claim shall be granted.

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant Cleary's motion for summary judgment be, and the same hereby is, granted. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge