IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Yusuf Bilaal, a.k.a. Daniel P. McKinney,    Case No. 3:04CV07189

    Plaintiff,

v.    ORDER

Defiance Publishing Co., et al.,

    Defendants.

On April 13, 2004, plaintiff pro se Yusuf Bilaal, a.k.a. Daniel P. McKinney, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff named thirty-nine defendants in his complaint, including Defiance Publishing Co. and Todd Helberg (the Newspaper, collectively). As to the Newspaper, plaintiff alleges a libel and defamation claim, stemming from a series of eleven articles published concerning a robbery at Key Bank's Defiance branch.

This court has supplemental jurisdiction over the state libel and defamation claim pursuant to 28 U.S.C. § 1367. Pending is the Newspaper's motion for summary judgment. For the following reasons, the motion shall be granted.

**Background**

On June 12, 2003, Bilaal was arrested in connection with a bank robbery following a police vehicle pursuit from several jurisdictions. The next day, the Newspaper published the first of eleven articles concerning the robbery and Bilaal's arrest. The June 13, 2003, article described the circumstances of Bilaal's arrest and included information on Bilaal's criminal history. Regarding that history, the article stated:

> One source said McKinney has a long criminal record and had been released from an Indiana prison in May. His record reportedly includes convictions for escape, robbery, assault, receiving stolen property, willful fleeing, forgery, passing bad checks, possession of criminal tools and misrepresenting identification.

(Doc. 72-2, Ex. A, at 3.)

On June 15, 2003, the Newspaper printed a similar article concerning the robbery and Bilaal's criminal record, and included Bilaal's mug shot. The portion discussing Bilaal's criminal record stated:

> According to authorities, McKinney has a long criminal record. His most recent conviction was in July 2001 for failing to comply with an officer and robbery. He served a 20-month sentence for those crimes in Ohio's Belmont Correctional Institute before being released on May 1.

*Id*. at 6.

The nine subsequent articles contained much of the same, providing updated information on Bilaal's criminal trial.

## Discussion

Bilaal alleges libel and defamation, claiming the Newspaper published the above-mentioned articles "[w]ith malicious intent to defame [his] character." (Doc. 1 at 10, ¶ 15.)

Libel is generally defined in Ohio as a false written publication, made with some degree of fault, that reflects injuriously on a person's reputation, or exposes a person to public hatred, contempt, ridicule, shame, or disgrace. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Coun.*, 73 Ohio St.3d 1, 13 (1995). The publication's falsity must be material to support a libel claim. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 278-80 (1964).

In defending against a libel action, it is sufficient to show the contested statements are substantially

2

true. *Prosser*, Law of Torts 842, (5th Ed. 1984); *accord Cooper School of Art v. Plain Dealer Publishing Co.*, Case No. 50569, 1896 WL 5294 (Cuyahoga App. May 8, 1986). Literal truth is not required. *Prosser* at 842.

Bilaal alleges the Newspaper "erroneously stated that [he] had a past history of charges and criminal convictions for which [he] had at no time ever been so convicted thereof." (Doc. 1 at 11, ¶ 17.) Only the June 13 and 15, 2003, articles discussed Bilaal's criminal history, each briefly mentioning Bilaal's alleged prior convictions. In light of plaintiff's extensive criminal record, the articles were, at the very least, substantially true. Thus, Bilaal cannot claim libel and defamation as to the Newspaper's report on his criminal record.

Bilaal, additionally, claims the Newspaper inserted his mug shot into numerous articles in an effort to "to portray [him] in a prejudicial manner before the eyes of the local public." *Id*. Bilaal does not contend that the picture is of another person, or has been altered in any way. However unsettling it may be to view one's own mug shot in a local newspaper, absent obvious tampering or falsity, there lies no action in libel. Thus, Bilaal cannot predicate his libel claim on the publication of his mug shot.

Bilaal's final claim asserts that the Newspaper "falsely stated that [he] faced twenty four (24) years in the Defiance County, Ohio court and fifteen years in the Paulding County, Ohio Court." *Id*. A review of the record, however, reveals that the articles on July 20, 2003, and January 25, 2004, stated that Bilaal faced twenty-one years in Defiance County and fifteen years in Paulding County. Both references are to the maximum potential sentences for each county, not what Bilaal's sentence actually would be. These statements were substantially true, especially in light of Bilaal's eventual twenty-year sentence in Defiance County. Thus, Bilaal's final libel claim fails.

Because Bilaal has failed to demonstrate a genuine issue of material fact with respect to the libel and defamation claim, defendant's motion for summary judgment shall be granted.

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendants Defiance Publishing Co.'s and Todd Helberg's motion for summary judgment be, and the same hereby is, granted. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge