IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Yusuf Bilaal, a.k.a. Daniel P. McKinney,    Case No. 3:04CV07189

    Plaintiff,

v.    ORDER

Defiance Publishing Co., *et al.*,

    Defendants.

    Yusuf Bilaal, a.k.a. Daniel P. McKinney, filed suit against Lieutenant Lee Martinez, of the Defiance Police Department, under 42 U.S.C. § 1983. Bilaal claims Lieutenant Martinez violated his Fourth Amendment rights by use of excessive force during his arrest and violated his Eighth and Fourteenth Amendment rights by delay of medical treatment. This court has jurisdiction over the claim pursuant to 28 U.S.C. § 1331.

    Lieutenant Martinez has moved for summary judgment on all pending claims. For the following reasons, the motion will be granted.

## Background

    Lieutenant Martinez participated in a high-speed, multi-jurisdictional car chase following Bilaal's robbery of the Defiance Branch of Key Bank. After another officer forced Bilaal's car from the road, ending the chase, Lieutenant Martinez arrived at the scene as that officer and others were arresting the plaintiff. He participated in Bilaal's capture by applying handcuffs to one of Bilaal's hands.

Once Bilaal was placed in a patrol car, Lieutenant Martinez drove him to the Paulding County Jail, approximately three miles away. The trip lasted about six minutes, after which Lieutenant Martinez relinquished Bilaal to the jail's custody. During the trip, Bilaal requested general medical attention, making no mention of any pain in his knee.

## Discussion

### I. Excessive Force

Bilaal claims that Lieutenant Martinez used excessive force in his arrest. To maintain an excessive force claim for the use of handcuffs, a plaintiff must show injury from the handcuffs and that the defendant ignored complaints that the handcuffs were too tight. *Lyons v. City of Xenia*, 417 F.3d 565, 575-76 (6th Cir. 2005). Bilaal, however, presents no evidence of an injury to his hand. Thus, his excessive force claim fails on the merits.

Bilaal also claims that Lieutenant Martinez watched other officers use excessive force and did nothing to stop them. In an earlier decision in this case [*see* Doc. 124] I have held that Bilaal did not suffer excessive force at the hands of other officers. Thus, he cannot, under the law of the case doctrine, maintain a claim against Lieutenant Martinez for not preventing the use of excessive force. *Agostini v. Felton*, 521 U.S. 203, 234 (1988).

Therefore, summary judgment is warranted on these claims.

### II. Delay of Medical Care

To maintain a *prima facie* claim for the delay of medical attention, a plaintiff must show that the defendant acted with "deliberate indifference to [plaintiff's] serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To show "deliberate indifference" a plaintiff must show that 1) the injury was "'sufficiently serious;'"and 2) defendant knew of and disregarded an

excessive risk to plaintiff's health. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

To demonstrate an injury was sufficiently serious to meet the first part of this test, the plaintiff needs to present verifying medical evidence for injuries involving "minor maladies or non-obvious complaints of a serious need for medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). For claims involving "an obvious need for medical care that laymen would readily discern as requiring prompt medical attention," a plaintiff need not present medical evidence to verify the delay caused his medical condition to worsen or deteriorate. *Id*.

Bilaal provides no medical evidence to verify his claim that any delay caused his medical condition to worsen or deteriorate. Thus, the question becomes whether Bilaal's injury was "so obvious" that a lay person would have recognized the need for medical attention. *Id.* at 899.

Bilaal states only that he made a general request for medical attention. Bilaal provides no other evidence in support of the obviousness of his knee injury. A knee injury concealed by plaintiff's pants is not sufficiently obvious for a lay person to notice. *Tapp v. Banks*, 2001 WL 45103 at *6-7 (6th Cir. 2001) (unpublished disposition). Indeed, an initial x-ray failed to detect any injury to Bilaal's knee.

Accordingly, Bilaal fails to demonstrate a genuine issue of material fact remains regarding this claim because he did not provide the required medical evidence.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the defendant's motion for summary judgment be, and the same hereby is granted.

Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge